46921.   HENDERSON CONSTRUCTION COMPANY, INC. v. FARMERS MUTUAL EXCHANGE OF DECATUR, INC.

QUILLIAN, Judge. The plaintiff, Henderson Construction Company, Inc., filed a claim against the defendant, Farmers Mutual Exchange of Decatur, Inc.

Plaintiff's complaint alleged that Shepherd Construction

Company had a general contract with State Highway Department of Georgia to construct a State Highway Project, consisting of 6.3 miles, more or less, of interstate highway; that the plaintiff had a subcontract with Shepherd Construction Company to grass various portions of the highway project right of way and the median; that on or about April of 1968, the plaintiff entered into an oral agreement with defendant for the defendant to uniformly distribute certain fertilizer materials over the portion of the highway project to be grassed; that the defendant's contract with the plaintiff was for the defendant to uniformly spread fertilizer in the following quantities per acre: 1,500 pounds per acre fertilizer, grade 4-12-12, 2,000 pounds per acre agricultural lime; that the defendant undertook the performance of its contract and delivered fertilizer to the highway project in spreader trucks; that the defendant undertook to spread the fertilizer from said spreader trucks along the portions of the highway project; that the defendant did not spread the fertilizer evenly and uniformly as required by the contract.

The general gist of plaintiff's complaint is that the defendant by oral contract had agreed to spread the fertilizer uniformly over the area involved.

The appellee herein, defendant in the trial court, filed its answer and defenses. The fourth defense of the defendant, in answering the complaint, denied the existence of any oral contract; denied that it had any knowledge of the existence of the specifications mentioned; denied that it agreed to spread the lime and fertilizer according to these specifications; stated that it did furnish lime and fertilizer and did spread the same upon open account with the plaintiff and under instructions of the agents and employees of the plaintiff and the Highway Department. The appellee filed a counterclaim on open account claiming the plaintiff was indebted to it in the amount of $6,055.16, copy of the account being attached as an exhibit.

The jury returned a verdict for the plaintiff. The defendant then filed a motion for a judgment notwithstanding the

verdict and a motion for a new trial in the alternative. The trial court granted the defendant's motions and the case is here for review. *Held:*

1. In regard to whether there was an oral contract between the parties by which the defendant agreed to spread the fertilizer uniformly, Mr. Henderson, the plaintiff's president, testified in part: "Somewhere in the latter part of April, 1968 . . . I called Mr. Bill Adams [the defendant's manager], among others, to get a quotation on spreading some fertilizer and lime and some ammonium nitrate and when I called Mr. Bill Adams I told him I was quoting on a job to do some grassing on a project that began around Morrow, Georgia, and that there was some 6.4—long, and it was a good sized job and it had some pretty big quantities. I told him that there were some 750 tons of agricultural lime that needed to be spread on this job, and also there was some fertilizer, 4-12-12, around 380 tons, because the engineer gives an estimate of the quantity used, so I could just read this off the engineer's estimates; I told Mr. Adams that there were these quantities, said some having 750 tons of agricultural lime and some 380 some [sic] odd tons of 4-12-12, and there was around 105,100 pounds of available nitrogen to go on this job, and I recall Mr. Adams saying 'that is a pretty good job,' and I said, 'will you quote me the price for spreading the lime and the fertilizer, and the nitrogen content, and I told him where the job was located. He could go around the barricade and gain access to the job, and that since—it required 2,000 pounds of agricultural lime to the acre. That means there are approximately 750 acres of grassing to be done on this one interstate project; and he indicated he was interested in doing the work and that he would call me back sometime later. Q. Now would you tell the court and jury what Mr. Adams told you when he called you back? A. He quoted the agricultural lime $8.00 per ton, spread; $46.00 a ton for the 4-12-12 spread over the acres."

This testimony together with other portions of the evidence

is sufficient to present a jury question as to whether there was an oral contract between the parties. The granting of the motion for a judgment notwithstanding the verdict was error.

2. This being the first grant of a motion for a new trial, in the absence of a showing that the jury verdict was demanded the judgment of the trial court will not be disturbed. *Wooten v. Nash,* 126 Ga. App. 86; *Fugazzi, Lovelace & Co. v. Tomlinson,* 119 Ga. 622 (2) (46 SE 831).

3. The remaining enumerations of error were either abandoned or are without merit.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 1, 1972—DECIDED APRIL 21, 1972—REHEARING DENIED MAY 15, 1972—

*Stokes, Boyd & Shapiro, George V. Boyd,* for appellant.

*Dillard & Dillard, George P. Dillard, G. Douglas Dillard,* for appellee.